# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN ARANDA MORALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24 cv 01170 |
| ) | |
| CLASSIC MOLDINGS CO. d/b/a VRC ) | |
| ENGINEERED SOLUTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CLASSIC MOLDING CO., INC.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Classic Molding Co., Inc.[1] d/b/a VRC Engineered Solutions ("Defendant"), by its counsel, responds to Plaintiff's Complaint as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.* ("Title VII") for Defendant's race-based discrimination and retaliation.

**ANSWER:** Defendant admits that Plaintiff purports to assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.* ("Title VII"). Defendant denies that it has violated any law and denies that Plaintiff is entitled to any relief. Except as so admitted, denied.

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as Title VII is a federal statute.

**ANSWER:** Defendant admits that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

---

[1] The caption contains a scrivener's error. The proper entity is Classic Molding Co, Inc.

**ANSWER:** Defendant admits that venue is proper in this judicial district. Except as so admitted, denied.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent have been fulfilled or been complied with.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this Paragraph and therefore denies the same.

5. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit A.

**ANSWER:** Defendant admits that a document titled Charge of Discrimination is attached to Plaintiff's Complaint as Exhibit A, but denies any wrongdoing.

6. Plaintiff received a Notice of Right to Sue from the EEOC. *See* attached Exhibit B.

**ANSWER:** Defendant admits that a document titled Dismissal and Notice of Rights dated January 22, 2024 is attached to Plaintiff's Complaint as Exhibit B. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this Paragraph and therefore denies the same.

7. This Complaint has been filed within ninety (90) days of his receipt of the EEOC's Dismissal and Notice of Right to Sue.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this Paragraph and therefore denies the same.

## PARTIES

8. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Melrose Park, Illinois.

**ANSWER:** Defendant admits that Plaintiff is a natural person over 18 years-of-age. Except as so admitted, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this Paragraph and therefore denies the same.

9. Defendant is a company that specializes in the manufacturing of rubber, plastic, and sealing components.

**ANSWER:** Defendant admits the allegations in this Paragraph.

10. Defendant has operations in multiple states, including Illinois (Schiller Park), Washington, Idaho, and Wisconsin.

**ANSWER:** Defendant admits that it has locations in Coeur d'Alene, Idaho; Milwaukee, Wisconsin; Vandalia, Illinois; and Woodinville, Washington. Except as so admitted, denied.

11. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

**ANSWER:** Defendant admits the allegations in this Paragraph.

12. At all times relevant, Defendant had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

**ANSWER:** Defendant admits the allegations in this Paragraph.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendant as a Supply Chain Manager from April 2022 until his unlawful termination on or about October 23, 2023.

**ANSWER:** Defendant denies the allegations in this Paragraph.

14. Plaintiff is a member of a protected class due to his race, Hispanic.

**ANSWER:** Defendant admits that Plaintiff is a member of a protected class.

15. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of his employment.

**ANSWER:** Defendant denies the allegations in this Paragraph.

16. Defendant subjected Plaintiff to different terms and conditions of employment than others not within his protected class (non-Hispanics) in violation of Title VII.

**ANSWER:** Defendant denies the allegations in this Paragraph.

17. In September 2023, Defendant's Vice President resigned from his position and a new Vice President took his place.

**ANSWER:** Defendant denies the allegations in this Paragraph.

18. Defendant's new Vice President transferred Plaintiff to Defendant's Schiller Park location.

**ANSWER:** Defendant denies the allegations in this Paragraph.

19. Unbeknownst to Plaintiff, the Schiller Park location was slated to be shut down.

**ANSWER:** Defendant denies the allegations in this Paragraph.

20. At the time of Plaintiff's transfer, the Vice President was aware that the Schiller Park location would be shutting down.

**ANSWER:** Defendant denies the allegations in this Paragraph.

21. Other members of Plaintiff's protected class (Hispanic) were also transferred to the doomed Schiller Park location while members outside of Plaintiff's protected class were not transferred to the same location.

**ANSWER:** Defendant denies the allegations in this Paragraph.

22. Shortly after Plaintiff's transfer, Plaintiff discovered that the Schiller Park location would be shutting down.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in this Paragraph and therefore denies the same.

23. Plaintiff made a complaint to Defendant's Human Resources Department regarding the disparate treatment of Hispanics, which were the only race transferred to the doomed Schiller Park location.

**ANSWER:** Defendant denies the allegations in this Paragraph.

24. On or about October 23, 2023, shortly after making his complaint, Plaintiff was terminated from his position under the pretext that the "company was not doing well."

**ANSWER:** Defendant admits that Plaintiff was terminated on or around October 23, 2023. Except as so admitted, denied.

25. Plaintiff later discovered that the Defendant filled the positions that were previously held by Hispanic employees prior the transfer with non-Hispanic employees.

**ANSWER:** Defendant denies the allegations in this Paragraph.

26. As a result, Defendant's basis for terminating Plaintiff was pretext for discrimination as evidenced by the fact that the positions previously held by non-Hispanics were filled by non-Hispanics.

4

**ANSWER:** Defendant denies the allegations in this Paragraph.

## DAMAGES

27. As a result of Defendant's conduct as set forth herein, Plaintiff suffered adverse employment action in the form of termination.

**ANSWER:** Defendant denies the allegations in this Paragraph.

28. As a result of Defendant's conduct, Plaintiff suffered damages, including: loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, decreased self-esteem, financial hardship, and loss of enjoyment of life.

**ANSWER:** Defendant denies the allegations in this Paragraph.

## COUNT I
### Violations of Title VII of the Civil Rights Act of 1964
### (Race-Based Discrimination)

29. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER:** Defendant restates and incorporates by reference its Answers to the preceding Paragraphs.

30. Title VII prohibits employers from discriminating against employees with respect to her or his compensation, terms, conditions, or privileges of employment, because of her or his race, color, religion, or national origin.

**ANSWER:** This Paragraph is a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies that Plaintiff has fully and accurately characterized Title VII and refers to the statute itself for its content.

31. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his race, Hispanic, in violation of Title VII.

**ANSWER:** Defendant denies the allegations in this Paragraph.

32. As set forth above, Defendant unlawfully discriminated against Plaintiff and other Hispanics by targeting them for transfer to the doomed Schiller Park location on the basis of their race.

**ANSWER:** Defendant denies the allegations in this Paragraph.

33. Defendant's conduct towards Plaintiff and other Hispanics illustrated a willful and/or reckless violation of Title VII.

**ANSWER:** Defendant denies the allegations in this Paragraph.

34. As set forth above, Plaintiff suffered damages as a result of Defendant's race-based discrimination.

**ANSWER:** Defendant denies the allegations in this Paragraph.

### COUNT II
### Violations of Title VII of the Civil Rights Act of 1964
### (Retaliation)

35. Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

**ANSWER:** Defendant restates and incorporates by reference its Answers to the preceding Paragraphs.

36. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about unlawful race discrimination.

**ANSWER:** Defendant denies the allegations in this Paragraph.

37. Accordingly, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII.

**ANSWER:** Defendant denies the allegations in this Paragraph.

38. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation into Plaintiff's allegations of race discrimination.

**ANSWER:** Defendant denies the allegations in this Paragraph.

39. Instead of investigating Plaintiff's claim of unlawful race discrimination, Defendant terminated Plaintiff, well before Plaintiff would have otherwise been terminated.

**ANSWER:** Defendant denies the allegations in this Paragraph.

40. Plaintiff's suffered an adverse employment action in retaliation for engaging in protected activity in the form of termination.

**ANSWER:** Defendant denies the allegations in this Paragraph.

41. Defendant's retaliatory conduct toward Plaintiff illustrates a willful and/or reckless violation of Title VII.

**ANSWER:** Defendant denies the allegations in this Paragraph.

42. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

**ANSWER:** Defendant denies the allegations in this Paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any of the allegations of the Complaint, and without admitting or acknowledging that Defendant bears any burden of proof as to any of them, Defendant asserts the following additional defenses:

1. All employment decisions affecting Plaintiff were done for legitimate, non-discriminatory, and non-retaliatory business reasons.

2. The conduct Plaintiff complains of does not constitute an adverse employment action.

3. All of Defendant's actions taken with respect to Plaintiff were unrelated to race, and Defendant would have undertaken the same actions regardless of Plaintiff's race for lawful reasons.

4. Plaintiff's claims are barred to the extent he failed to exhaust his administrative remedies.

5. Plaintiff's retaliation charge is barred to the extent that it was not alleged or encompassed within the administrative charge filed by Plaintiff, or the administrative investigation thereof.

6. To the extent that Plaintiff is not actively looking for new employment or failed to timely look for new employment to mitigate his alleged damages, then Plaintiff's damages, if any, are barred by his failure to mitigate damages, or his damages should be reduced because of his failure to timely mitigate.

7. Any award of liquidated, punitive, or other damages in this case would be improper because Defendant has an equal employment opportunity policy that prohibits discrimination,

harassment and retaliation, has made a good faith effort to comply with all discrimination laws, acted in good faith with reasonable grounds for believing its actions did not violate any laws, and did not act with malice or reckless disregard. To the extent any person discriminated against Plaintiff, Defendant is not vicariously liable for such actions because any such actions would have been contrary to Defendant's good faith efforts to comply with all applicable antidiscrimination laws.

8. Plaintiff's damages, if any, including alleged back pay, front pay, compensatory, punitive, exemplary, liquidated, attorneys' fees, or other damages, are subject to all applicable statutory and common-law caps, exclusions and limitations.

9. Plaintiff's claims are barred, in whole or in part, by applicable limitations periods, to the extent he asserts claims that occurred more than 300 days before he filed his EEOC charge.

10. Defendant expressly reserves the right to raise additional defenses, amend its answers and affirmative defenses, and assert counterclaims as they may become known through the course of further investigation and discovery.

WHEREFORE, having fully answered the Complaint, Defendant requests that judgment be granted in its favor and against Plaintiff, and that Defendant be awarded its costs and attorney's fees under any applicable statute, together with such further relief at law or in equity that the Court deems appropriate.

Dated: March 5, 2024							Respectfully submitted,

By: /s/ Bonnie Keane DelGobbo
Bonnie Keane DelGobbo (6309394)
Katharine Walton (6339805)
Baker & Hostetler LLP
One North Wacker Drive
Suite 4500
Chicago, Illinois 60606
(312) 416-6200
bdelgobbo@bakerlaw.com
kwalton@bakerlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on March 5, 2024, she filed the foregoing document with the Court's CM/ECF filing system, which will send notice to all counsel of record.

By: <u>/s/ Bonnie Keane DelGobbo</u>
Bonnie Keane DelGobbo